# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CARLOS ALBERTO GARCIA,** ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **U.S. DEPARTMENT OF JUSTICE,** ) <br> **ET AL.,** ) <br> Defendants. ) <br> ) | Case No. 7:20CV00629 <br><br> **OPINION AND ORDER** <br><br> By: James P. Jones <br> United States District Judge |

*Carlos Alberto Garcia, Pro Se Plaintiff*

The plaintiff, Carlos Alberto Garcia, a federal inmate proceeding pro se, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges that prison employees at the United States Penitentiary in Lee County, Virginia ("USP Lee"), used excessive force against him and restrained him under unconstitutional conditions. After review of his submissions, I conclude that Garcia's claims against some defendants must be summarily dismissed without being served.[1]

---

[1] A complaint or a portion thereof that was filed by an inmate against a governmental entity or officer may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

In *Bivens*, the Supreme Court recognized circumstances in which federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of individual, federal officials. 403 U.S. at 392. Among the defendants Garcia has named in this case are: the U.S. Department of Justice ("DOJ"), the Federal Bureau of Prisons ("BOP"), and two groups of officials—USP Lee officials generally, and specifically, all officers involved during the four-point and ambulatory restraint process. To bring a *Bivens* claim against anyone in the latter two groups, Garcia must amend his Complaint to identify each individual official as a defendant and to state particular actions by each defendant in violation of his rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Moreover, it is well established that federal agencies such as the DOJ and the BOP are not subject to being sued in a *Bivens* action. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a Bivens action is unavailable against federal agencies).

For the reasons stated, it is **ORDERED** that all claims against the following defendants are DISMISSED without prejudice: the U.S. Department of Justice, the Federal Bureau of Prisons, U.S.P. Lee Prison Officials generally, and the defendants

described as "all officers involved during my 4-point and ambulatory restraint process."  The clerk will terminate these defendants as parties to the lawsuit.

By separate Order, the court will direct Garcia to accomplish service on the remaining individual defendants named in his Complaint.

ENTER:  January 11, 2021

/s/  JAMES P. JONES
United States District Judge